UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

BLUE MAN PRODUCTIONS, INC., )
            Plaintiff, )
) Case No. 1:05-cv-02037-JDB
v. ) Judge John D. Bates
)
ERICH TARMANN, )
)
            Defendant. )
)

**PLAINTIFF'S MOTION FOR LETTERS ROGATORY TO THE APPROPRIATE JUDICIAL AUTHORITY OF AUSTRIA FOR SERVICE OF THE COMPLAINT AND SUMMONS IN AUSTRIA**

Pursuant to 28 U.S.C. § 1696 and Federal Rule of Civil Procedure 4(f)(2)(B), Plaintiff Blue Man Productions, Inc. ("BMPI") respectfully moves this Court for the issuance of Letters Rogatory to the appropriate Judicial Authority of Austria, requesting international judicial assistance to serve the Complaint and Summons in the captioned action on Defendant Erich Tarmann ("Defendant"), a national of Austria. The proposed Letters Rogatory is attached as Appendix 1 hereto.

Plaintiff initially attempted to obtain a waiver of service of the Summons by contacting counsel who represented the Defendant in the underlying Trademark Trial and Appeal Board ("TTAB") proceeding being reviewed in this action. BMPI was initially informed by Defendant's TTAB counsel that service of the Summons would be waived. Pursuant to that understanding, BMPI's counsel served a notice and request for waiver of service of Summons. Subsequently, however, Defendant's TTAB counsel informed BMPI's counsel that he had not yet been retained to represent the Defendant in this action. Thus, service of the Complaint and Summons in Austria is necessary.

1

Service of the Complaint and Summons via Letters Rogatory is the only permissible means of international service of process in Austria. *In re Ski Train Fire in Kaprun, Austria on November 11, 2000*, 2003 U.S. Dist. LEXIS 5575, *26-*27 (S.D.N.Y. April 3, 2003) ("Service of foreign legal documents must be 'effected by letters rogatory through diplomatic channels, ... and in the manner prescribed by Austrian law for the service of such documents.'") (quoting 1/7/03 Note Verbale to the United States Embassy of America) (Exhibit 1). Austria is not a member of the Hague Convention of the Service Abroad of Judicial and Extra-Judicial Documents in Civil of Commercial Matters or any other treaty regarding service of process of which the United States is also a member. 658 U.N.T.S. 163; see also, *Prewitt Enters. v. Organization of the Petroleum Exporting Countries*, 353 F.3d 916, 922 n. 10 (11th Cir. 2003) (noting that Austria is not a member of the Hague Service Convention and that the United States is not a member of the Hague Convention on Civil Procedure).

Because service of a Summons and Complaint by Letters Rogatory is a lengthy process, it is expected that service will take beyond 120 days from the date this action was filed. Service beyond 120 days on individuals in a foreign country is authorized pursuant to Federal Rule of Civil Procedure 4(m).

Because the Letters Rogatory are a formal communication from the United States Court to the appropriate Judicial Authority of Austria, the United States State Department recommends a specific format for the Letters Rogatory. See, http://www.travel.state.gov/law/info/judicial/judicial_683.html?css=print. Included in the Letters Rogatory is a statement that this Court will reimburse the appropriate Judicial Authority of Austria for costs incurred in executing the Letters Rogatory. This is a necessary fiction given the formality of the communication. Regardless, BMPI, of course, will pay for all costs incurred in connection with the Letters Rogatory. If this

Court receives an invoice for additional costs, BMPI requests that such invoice be forwarded to its undersigned counsel for payment.

BMPI respectfully requests that the Court sign, date, and place its seal on the proposed Letters Rogatory attached hereto. Once the Court has signed, dated, and placed its seal on the Letters Rogatory, BMPI respectfully requests that Plaintiff's counsel be so informed, so that they may retrieve the original signed and sealed Letters Rogatory for service on Defendant Erich Tarmann.

                                                Respectfully submitted,

                                                OBLON, SPIVAK, McCLELLAND,
                                                MAIER & NEUSTADT, P.C.

Dated: January 18, 2006              By:   /s/ Jonathan Hudis
                                                Jonathan Hudis (D.C. Bar No. 418872)
                                                Kathleen Cooney-Porter (D.C. Bar No. 434526)
                                                1940 Duke Street
                                                Alexandria, Virginia 22314
                                                (703) 413-3000
                                                Fax: (703) 413-2220
                                                E-Mail: jhudis@oblon.com

                                                Attorneys for Plaintiff
                                                BLUE MAN PRODUCTIONS, INC.

Of Counsel:

Robert W. Clarida (RWC 3190)
Antonio Borrelli (AB 7965)
COWAN, LIEBOWITZ & LATMAN, P.C.
1133 Avenue of the Americas
New York, New York 1003606799
(212) 790-9200
Fax: (212) 575-0671
E-Mail: rwc@cll.com
E-Mail: axb@cll.com

This is to certify that a copy of the following documents:

**Plaintiff's Motion For Letters Rogatory To The Appropriate Judicial Authority of Austria For Service of The Complaint And Summons In Austria**

**Exhibit 1 to Plaintiff's Motion For Letters Rogatory To The Appropriate Judicial Authority of Austria For Service of The Complaint And Summons In Austria**

**Appendix 1: Request for International Judicial Assistance**

**Exhibits A-E to Appendix 1: Request for International Judicial Assistance**

were sent via international courier on January 18, 2006 to:

>Erich Tarmann
>Wallmodengasse 11
>Vienna 1190
>Austria

and via overnight courier on January 18, 2006 to:

>Lawrence Harbin, Esq.
>MCINTYRE, HARBIN & KING LLP
>500 Ninth Street, SE
>Washington, D.C. 20003
>(202) 546-1100

Date: 01/18/2006

Name: _[signature]_