# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| BLUE MAN PRODUCTIONS, INC.,<br>434 Lafayette Street<br>New York, New York 10003<br>(A New York Corporation),<br><br>Plaintiff,<br><br>v.<br><br>ERICH TARMANN,<br>Wallmodengasse 11<br>Vienna 1190<br>Austria<br>(An Austrian Resident)<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) Civi | CASE NUMBER  1:05CV02037<br><br>JUDGE: John D. Bates<br><br>DECK TYPE: General Civil<br><br>DATE STAMP: 10/17/2005<br><br><br>**COMPLAINT** |

Plaintiff, Blue Man Productions, Inc., as and for its Complaint against defendant, Erich Tarmann, alleges as follows:

## INTRODUCTION

1. By this action, Plaintiff seeks review and reversal of the August 18, 2005 decision of the Trademark Trial and Appeal Board ("TTAB") of the United States Patent and Trademark Office, to the extent it was adverse to plaintiff, in Opposition No. 91/154,055 (the "Opposition"):

   a. finding that Plaintiff's mark BLUE MAN GROUP is not a famous mark;

   b. dismissing the Opposition on the ground of likelihood of confusion; and

   c. dismissing the Opposition on the ground of dilution.

## JURISDICTION AND VENUE

2. This is a civil action for a *de novo* review of the final decision of the Trademark Trial and Appeal Board ("TTAB") of the United States Patent and Trademark Office ("USPTO") in Opposition No. 91/154,055. This case arises under the Lanham Act, 15 U.S.C. §§ 1051, *et seq.* The Court has subject matter jurisdiction over this matter pursuant to 15 U.S.C. §1071(b),

because this is a civil action to appeal a decision of the TTAB that resulted in a final disposition of the Opposition.

3.     This Court has personal jurisdiction over defendant pursuant to 15 U.S.C. § 1071(b)(4) because defendant resides in a foreign country and because defendant has purposefully availed himself of the privileges and benefits of doing business in the District of Columbia.

4.     Venue is proper in this judicial district under 28 U.S.C. §§ 1391(b) and (d), and pursuant to 15 U.S.C. § 1071(b)(4).

## BACKGROUND

5.     Plaintiff, a New York corporation having a place of business at 434 Lafayette Street, New York, New York 10003, is the owner of the renowned mark BLUE MAN GROUP in the United States.

6.     Upon information and belief, Defendant is an individual residing in Austria, with an address of Wallmodengasse 11, Vienna 1190, Austria.

7.     Commencing long prior to March 6, 2000, Defendant's claimed first use date, Plaintiff has used the BLUE MAN GROUP mark in connection with a wide variety of goods and services including entertainment services in the nature of live musical and theatrical performances, magnets, postcards, posters, pens, hats, caps, t-shirts, sweatshirts, jackets, mugs, watches, clocks, mouse pads, key chains, pins, musical sound recordings and prerecorded videos throughout the United States.

8.    Plaintiff is the owner of the following federal registrations, copies of which are attached:

| Mark | Reg. No. | Reg. Date | Goods/Services |
|---|---|---|---|
| BLUE MAN GROUP | 2,450,660 | 5/15/01 | Entertainment services in the nature of live musical and theatrical performances in International Class 41 |
| BLUE MAN GROUP | 2,438,222 | 3/27/01 | Gift items, namely, decorative magnets in International Class 9; paper goods, namely, postcards and posters in International Class 16; apparel, namely, hats, t-shirts, sweatshirts in International Class 25 |
| BLUE MAN GROUP | 2,617,550 | 9/10/02 | Musical sound recordings in International Class 9 |
| BLUE MAN GROUP | 2,677,610 | 1/21/03 | Mugs in International Class 21 |
| BLUE MAN GROUP | 2,680,625 | 1/28/03 | Watches; ornamental pins in International Class 14 |
| BLUE MAN GROUP | 2,677,611 | 1/21/03 | Clothing, namely, jackets and caps in International Class 25 |
| BLUE MAN GROUP | 2,741,259 | 7/29/03 | Prerecorded video cassettes and discs featuring musical and theatrical performances in International Class 9 |

Additionally, Plaintiff owns a pending application for the BLUE MAN GROUP mark, namely, Application Serial No. 78/311,760 for goods in International Classes 6, 9, 14, 16, 20, 25 and 28.

9.    Commencing long prior to March 6, 2000, Defendant's claimed first use date, Plaintiff has extensively promoted and advertised the sale of goods and services using its BLUE MAN GROUP mark, and has sold such goods and rendered such services in commerce in the United States.

10.    As a result of the extensive sales and promotion of its goods and services using its BLUE MAN GROUP mark, Plaintiff has built up highly valuable goodwill for its BLUE MAN GROUP mark, and has built a reputation for excellence and high quality. Plaintiff's advertising and promotional efforts have brought the BLUE MAN GROUP mark high recognition and visibility among consumers.

3

11.    The BLUE MAN GROUP mark has been widely used by Plaintiff, by which the press and the public to identify Plaintiff and its products and services.  Widespread recognition of the BLUE MAN GROUP mark has thereby been achieved.  Based on this use and widespread fame, the BLUE MAN GROUP mark has become closely and uniquely identified and associated with Plaintiff.

12.    On August 6, 2001, Defendant filed an application, claiming a first use date of March 6, 2000, to register on the Principal Register the word mark BLUEMAN for "tobacco, smokers' articles, namely cigarettes" in International Class 34 as shown in Application Serial No. 76/295,724 (the "Application").

13.    Upon information and belief, defendant was aware of the BLUE MAN GROUP mark and selected BLUEMAN as a mark in order to exploit the national goodwill of the BLUE MAN GROUP mark.

14.    The goods covered by the Application are closely related to Plaintiff's goods and services associated with its BLUE MAN GROUP mark.

15.    Defendant's BLUEMAN mark so resembles Plaintiff's BLUE MAN GROUP mark, so as to be likely, when applied to Defendant's goods, to cause confusion, to cause mistake, and to deceive because the public is likely to believe that Defendant's goods have their origin with Plaintiff and/or that such goods are approved, endorsed or sponsored by Plaintiff or associated in some way with Plaintiff.  Plaintiff would thereby be injured by the granting to Defendant a certificate of registration for the BLUEMAN mark.

16.    On December 3, 2002, Plaintiff filed a Notice of Opposition against the Application with the TTAB on the ground that, long prior to Defendant's claimed date of first use, Plaintiff adopted and used the mark BLUE MAN GROUP in connection with its goods and services.

4

17.    Plaintiff's Notice of Opposition claimed that Plaintiff would be injured by the granting of a registration to Defendant for the mark BLUEMAN because the registration may tend to damage Plaintiff's valuable goodwill and reputation for excellence and high quality in the BLUE MAN GROUP mark.

18.    The Notice of Opposition also claimed that Plaintiff would be further injured by the granting of a certificate of registration to Defendant because Defendant's mark is nearly identical to Plaintiff's BLUE MAN GROUP mark, and Defendant's BLUEMAN mark would falsely suggest a connection between Defendant's mark and Plaintiff.

19.    The Notice of Opposition also claimed that the BLUE MAN GROUP mark is both famous and distinctive, and was so prior to March 6, 2000, Defendant's claimed first use date.  Due to the national repute of the BLUE MAN GROUP mark, Defendant's BLUEMAN mark will dilute the distinctive quality of Plaintiff's BLUE MAN GROUP mark.

20.    On or about August 18, 2005, the TTAB rendered its decision dismissing the Opposition on the ground of likelihood of confusion, finding that Plaintiff's BLUE MAN GROUP mark is not likely to be confused with Defendant's BLUEMAN mark, and dismissing the Opposition on the ground of dilution, finding that Defendant's BLUEMAN mark would not dilute the distinctive quality of Plaintiff's BLUE MAN GROUP mark.  The decision of the TTAB is unsupported by substantial evidence in accordance with 5 U.S.C. §706(2)(E) and, in rendering its decision, the TTAB improperly excluded relevant evidence submitted by Plaintiff and improperly weighed the evidence it did accept.

21.    The TTAB's decision (i) was arbitrary, capricious, and an abuse of discretion by improperly considering Plaintiff's evidence in support of the fame of its BLUE MAN GROUP MARK; (ii) erroneously dismissed the Opposition on the ground of likelihood of confusion by failing to properly consider the similarities between the parties' marks and the relatedness of the

parties' respective goods and services; and (iii) erroneously dismissed the Opposition on the ground of dilution by failing to properly consider the effect of Defendant's BLUEMAN mark upon the distinctive quality of Plaintiff's famous BLUE MAN GROUP mark.

## CAUSE OF ACTION: APPEAL OF TTAB DECISION

22.    Plaintiff repeats, and incorporates by reference, the allegations of paragraphs 1 through 21 above.

23.    Pursuant to 15 U.S.C. § 1071(b), this Court may review a final disposition of the TTAB in connection with a trademark opposition.

24.    The Court's review of the TTAB's August 18, 2005 decision in Opposition No. 91/154,055 will determine whether: (i) the TTAB's actions were arbitrary, capricious and an abuse of discretion; (ii) the TTAB's factual findings on the fame of Plaintiff's BLUE MAN GROUP mark were based on substantial evidence; (iii) additional evidence to be presented before this Court for *de novo* consideration constitutes grounds for reversal; and (iv) whether the TTAB's legal conclusions were based upon a correct application of applicable law.

25.    The TTAB's actions were arbitrary, capricious and an abuse of discretion in failing to properly weigh Plaintiff's evidence.

26.    The TTAB's decision was not based on substantial evidence.

27.    In toto, the TTAB's findings of fact were not supported by substantial evidence and further, the TTAB's conclusions of law were clearly erroneous.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against defendant as follows:

1.    That the decision of the TTAB dismissing Opposition No. 91/154,055 should be reversed, to the extent that it was adverse to plaintiff;

2.    That Application Ser. No. 76/295,724 for the mark BLUEMAN should be denied registration;

3.    That Defendant pay to Plaintiff the costs of this action, including such attorneys' fees as are deemed reasonable by the Court; and

4.    For such other and further relief as the Court may deem just and proper.

Respectfully sumbmitted,

OBLON, SPIVAK, McCLELLAND,
     MAIER & NEUSTADT, P.C.

Dated:  October 17, 2005                    By: _____
                                                 Jonathan Hudis
                                                 (D.C. Bar No. 418872)
                                                 Kathleen Cooney-Porter
                                                 (D.C. Bar No. 434526)
                                                 1940 Duke Street
                                                 Alexandria, Virginia 22314
                                                 (703) 413-3000
                                                 Fax: (703) 413-2220
                                                 E-Mail: jhudis@oblon.com

                                            Attorneys for Plaintiff
                                            BLUE MAN PRODUCTIONS, INC.

Of Counsel:

Robert W. Clarida (RWC 3190)
Antonio Borrelli (AB 7965)
COWAN, LIEBOWITZ & LATMAN, P.C.
1133 Avenue of the Americas
New York, New York 1003606799
(212) 790-9200
Fax: (212) 575-0671
E-Mail: rwc@cll.com
E-Mail: axb@cll.com

JH:ltw {I:\ATTY\JH\BLUE MAN\268132-279766US-CPL.DOC}

Int. Cl.: 41

Prior U.S. Cls.: 100, 101 and 107

**Reg. No. 2,450,660**

## United States Patent and Trademark Office

Registered May 15, 2001

### SERVICE MARK
### PRINCIPAL REGISTER

## BLUE MAN GROUP

BLUE MAN PRODUCTIONS, INC. (NEW YORK CORPORATION)
434 LAFAYETTE STREET
NEW YORK, NY 10003

FOR: ENTERTAINMENT SERVICES IN THE NATURE OF LIVE MUSICAL AND THEATRICAL PERFORMANCES, IN CLASS 41 (U.S. CLS. 100, 101 AND 107).

FIRST USE 0-0-1988; IN COMMERCE 0-0-1988.

NO CLAIM IS MADE TO THE EXCLUSIVE RIGHT TO USE "GROUP", APART FROM THE MARK AS SHOWN.

SER. NO. 75-821,055, FILED 10-12-1999.

MONIQUE MILLER, EXAMINING ATTORNEY

Int. Cls.: 9, 16 and 25

Prior U.S. Cls.: 2, 5, 21, 22, 23, 26, 29, 36, 37, 38, 39
and 50

Reg. No. 2,438,222

## United States Patent and Trademark Office

Registered Mar. 27, 2001

## TRADEMARK
## PRINCIPAL REGISTER

## BLUE MAN GROUP

BLUE MAN PRODUCTIONS, INC. (NEW YORK CORPORATION)
434 LAFAYETTE STREET
NEW YORK, NY 10003

FOR: GIFT ITEMS, NAMELY, DECORATIVE MAGNETS, IN CLASS 9 (U.S. CLS. 21, 23, 26, 36 AND 38).

FIRST USE 0-0-1991; IN COMMERCE 0-0-1991.

FOR: PAPER GOODS, NAMELY, POSTCARDS AND POSTERS, IN CLASS 16 (U.S. CLS. 2, 5, 22, 23, 29, 37, 38 AND 50).

FIRST USE 0-0-1991; IN COMMERCE 0-0-1991.

FOR: APPAREL, NAMELY HATS, T-SHIRTS, SWEATSHIRTS, IN CLASS 25 (U.S. CLS. 22 AND 39).

FIRST USE 0-0-1991; IN COMMERCE 0-0-1991.

SER. NO. 75-821,074, FILED 10-12-1999.

MONIQUE MILLER, EXAMINING ATTORNEY

Int. Cl.: 9

Prior U.S. Cls.: 21, 23, 26, 36 and 38

**Reg. No. 2,617,550**
Registered Sep. 10, 2002

## United States Patent and Trademark Office

### TRADEMARK
### PRINCIPAL REGISTER

## BLUE MAN GROUP

BLUE MAN PRODUCTIONS, INC. (NEW YORK CORPORATION)
434 LAFAYETTE STREET
NEW YORK, NY 10003

FOR: MUSICAL SOUND RECORDINGS, IN CLASS 9 (U.S. CLS. 21, 23, 26, 36 AND 38).

FIRST USE 12-0-1999; IN COMMERCE 12-0-1999.

OWNER OF U.S. REG. NOS. 2,438,222 AND 2,450,660.

NO CLAIM IS MADE TO THE EXCLUSIVE RIGHT TO USE "GROUP", APART FROM THE MARK AS SHOWN.

SER. NO. 76-257,345, FILED 5-15-2001.

BILL DAWE, EXAMINING ATTORNEY

Int. Cl.: 21

Prior U.S. Cls.: 2, 13, 23, 29, 30, 33, 40 and 50

**United States Patent and Trademark Office**

Reg. No. 2,677,610
Registered Jan. 21, 2003

## TRADEMARK
### PRINCIPAL REGISTER

## BLUE MAN GROUP

BLUE MAN PRODUCTIONS, INC. (NEW YORK CORPORATION)
434 LAFAYETTE STREET
NEW YORK, NY 10003

FOR: MUGS, IN CLASS 21 (U.S. CLS. 2, 13, 23, 29, 30, 33, 40 AND 50).

FIRST USE 10-31-2001; IN COMMERCE 10-31-2001.

OWNER OF U.S. REG. NOS. 2,438,222 AND 2,450,660.

SER. NO. 76-385,635, FILED 3-21-2002.

BILL DAWE, EXAMINING ATTORNEY

Int. Cl.: 14

Prior U.S. Cls.: 2, 27, 28 and 50

**Reg. No. 2,680,625**

## United States Patent and Trademark Office

Registered Jan. 28, 2003

### TRADEMARK
#### PRINCIPAL REGISTER

## BLUE MAN GROUP

BLUE MAN PRODUCTIONS, INC. (NEW YORK CORPORATION)
434 LAFAYETTE STREET
NEW YORK, NY 10003

FOR: WATCHES; ORNAMENTAL PINS, IN CLASS 14 (U.S. CLS. 2, 27, 28 AND 50).

FIRST USE 10-25-2000; IN COMMERCE 10-25-2000.

OWNER OF U.S. REG. NOS. 2,438,222 AND 2,450,660.

SER. NO. 76-385,636, FILED 3-21-2002.

BILL DAWE, EXAMINING ATTORNEY

Int. Cl.: 25

Prior U.S. Cls.: 22 and 39

Reg. No. 2,677,611

## United States Patent and Trademark Office

Registered Jan. 21, 2003

## TRADEMARK
### PRINCIPAL REGISTER

## BLUE MAN GROUP

BLUE MAN PRODUCTIONS, INC. (NEW YORK CORPORATION)
434 LAFAYETTE STREET
NEW YORK, NY 10003

FOR: CLOTHING, NAMELY, JACKETS, CAPS, IN CLASS 25 (U.S. CLS. 22 AND 39).

FIRST USE 10-1-2001; IN COMMERCE 10-1-2001.

OWNER OF U.S. REG. NOS. 2,438,222 AND 2,450,660.

SER. NO. 76-385,637, FILED 3-21-2002.

BILL DAWE, EXAMINING ATTORNEY

Int. Cl.: 9

Prior U.S. Cls.: 21, 23, 26, 36 and 38

Reg. No. 2,741,259

## United States Patent and Trademark Office

Registered July 29, 2003

## TRADEMARK
### PRINCIPAL REGISTER

## BLUE MAN GROUP

BLUE MAN PRODUCTIONS, INC. (NEW YORK CORPORATION)
434 LAFAYETTE STREET
NEW YORK, NY 10003

FOR: PRE-RECORDED VIDEO CASSETTES AND DISCS FEATURING MUSICAL AND THEATRICAL PERFORMANCES, IN CLASS 9 (U.S. CLS. 21, 23, 26, 36 AND 38).

FIRST USE 2-13-2001; IN COMMERCE 2-13-2001.

OWNER OF U.S. REG. NOS. 2,438,222 AND 2,450,660.

NO CLAIM IS MADE TO THE EXCLUSIVE RIGHT TO USE "GROUP", APART FROM THE MARK AS SHOWN.

SER. NO. 76-385,638, FILED 3-21-2002.

BILL DAWE, EXAMINING ATTORNEY