**Beglaubigte Übersetzung vom Englischen ins Deutsche**[A4]

## BUNDESBEZIRKSGERICHT
## DES DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| BLUE MAN PRODUCTIONS, INC.,<br>434 Lafayette Street<br>New York, New York 10003<br>(eine New Yorker Kapitalgesellschaft), | )<br>)<br>)<br>) | RECHTSSACHE NR.   1:05CV02037<br><br>RICHTER. John D. Bates |
| Kläger, | ) zivilr.<br>) | ART DES VERFAHRENS: allg. zivilr. |
| | )<br>) | DATUMSSTEMPEL: 17. 10. 2005 |
| gegen | )<br>) | |
| ERICH TARMANN,<br>Wallmodengasse 11<br>1190 Wien<br>Österreich<br>(wohnhaft in Österreich) | **)**<br>)<br>)<br>)<br>) | **KLAGESCHRIFT** |
| Beklagter | | |

Der Kläger Blue Man Productions, Inc. macht in der Klageschrift gegen den Beklagten Erich Tarmann Folgendes geltend:

### EINLEITUNG

1.    Mit Hilfe dieser Klage ersucht der Kläger um Überprüfung und Aufhebung des Beschlusses des Warenzeichenprozess- und berufungssenats (Trademark Trial and Appeal Board „TTAB") des Patent- und Warenzeichenamts der Vereinigten Staaten vom 18. August 2005 insofern als dem Kläger in Einspruch Nr. 91/154,055 (der „Einspruch") ein abschlägiger Bescheid erteilt wurde:[A5]

      a.  mit der Feststellung, dass das Warenzeichen des Klägers BLUE MAN GROUP kein berühmtes Warenzeichen sei;

      b.  und der Einspruch aufgrund der Wahrscheinlichkeit einer Verwechslung abgelehnt wurde; und

      c.  der Einspruch aufgrund von Verwässerung abgelehnt wurde.

### SACHLICHE UND ÖRTLICHE ZUSTÄNDIGKEIT

2.    Es handelt sich hierbei um eine zivilrechtliche Klage zwecks *de novo*-Überprüfung des endgültigen Beschlusses des Warenzeichenprozess- und berufungssenats

(Trademark Trial and Appeal Board TTAB) des Patent- und Warenzeichenamts der Vereinigten Staaten (USPTO) von Einspruch Nr. 91/154,055. Die vorliegende Rechtssache ergibt sich aus dem Lanham Act, 15 U.S.C. §§ 1051, *et seq.* Das Gericht ist in dieser Angelegenheit gemäß 15 U.S.C. $1071(b) sachlich zuständig, weil es sich hier um eine zivilrechtliche Klage zur Berufung gegen einen Bescheid des TTAB handelt, der zur endgültigen Erledigung des Einspruchs führte.

3.    Das hiesige Gericht ist für den Beklagten gemäß 15 U.S.C. § 1071 Buchstabe (b) Zahl (4) zuständig, weil der Beklagte im Ausland seinen Wohnsitz hat und sich bewusst der Vorrechte und Vorteile einer Geschäftstätigkeit im District of Columbia bedient hat.

4.    Gemäß 28 U.S.C. §§ 1391 Buchstabe b) und d) sowie gemäß 15 U.S.C. § 1071 Buchstabe b) Zahl 4) ist die örtliche Zuständigkeit dieses Gerichtssprengels gegeben.

## HINTERGRUND

5.    Der Kläger, eine New Yorker Kapitalgesellschaft mit der Geschäftsanschrift 434 Lafayette Street, New York, New York 10003, ist Inhaber des renommierten Warenzeichens BLUE MAN GROUP in den Vereinigten Staaten.

6.    Nach bestem Wissen und Unterrichtung hat der Beklagte seinen ständigen Wohnsitz in Österreich unter der Anschrift Wallmodengasse 11, 1190 Wien, Österreich.

7.    Der Kläger hat das Zeichen BLUE MAN GROUP für verschiedenste Waren und Dienstleistungen, einschließlich Unterhaltungsdienstleistungen in Form von Live-Musik- und Theaterdarbietungen, Magnete, Postkarten, Plakate, Kugelschreiber, Hüte, Kappen, T-Shirts, Sweatshirts, Jacken, Becher, Uhren, Wanduhren, Mausunterlagen, Schlüsselketten, Stifte, musikalischen Tonaufzeichnungen sowie Videoaufnahmen im gesamten Gebiet der Vereinigten Staaten, schon lange vor dem 6. März 2000, dem vom Beklagten behaupteten ersten Verwendungsdatum, benutzt.

2

8.    Der Kläger ist Inhaber der folgenden bundesweiten Eintragungen, deren Kopien in der Anlage enthalten sind:

| Warenzeichen | Eintragungsnr. | Eintragungsdatum | Waren/Dienstleistungen |
|---|---|---|---|
| BLUE MAN GROUP | 2,450,660 | 15. 5. 2001 | Unterhaltungsdienstleistungen in Form von Live-Musik- und Theaterdarbietungen der Internationalen Klasse 41 |
| BLUE MAN GROUP | 2,438,222 | 27. 3. 2001 | Geschenksgegenstände, u. zw. Dekormagnete der Internationalen Klasse 9; Papierwaren, u. zw. Postkarten und Plakate der Internationalen Klasse 16; Bekleidung, u. zw. Hüte, T-Shirts, Sweatshirts der Internationalen Klasse 25 |
| BLUE MAN GROUP | 2,617,550 | 10. 9. 2002 | musikalische Tonaufzeichnungen der Internationalen Klasse 9 |
| BLUE MAN GROUP | 2,677,610 | 21. 1. 2003 | Becher der Internationalen Klasse 21 |
| BLUE MAN GROUP | 2,680,625 | 28. 1. 2003 | Uhren; Zierstifte der Internationalen Klasse 14 |
| BLUE MAN GROUP | 2,677,611 | 21. 1. 2003 | Bekleidung, u. zw. Jacken und Kappen der Internationalen Klasse 25 |
| BLUE MAN GROUP | 2,741,259 | 29. 7. 2003 | Videokassetten und CDs mit Aufnahmen von Musik- und Theater-darbietungen der Internationalen Klasse 9 |

Darüber hinaus ist der Kläger Inhaber einer schwebenden Anmeldung für das Warenzeichen BLUE MAN GROUP, nämlich Anmeldung Seriennummer 78/311,760 für Waren der Internationalen Klassen 6, 9, 14, 16, 20, 25 und 28.

9.    Der Kläger hat den Verkauf von Waren und Dienstleistungen unter Verwendung des Warenzeichens BLUE MAN GROUP schon lange vor dem 6. März 2000, dem vom Beklagten behaupteten ersten Verwendungsdatum, umfassend gefördert und beworben, und den Verkauf derartiger Waren sowie die Erbringung derartiger Dienstleistungen im Handel in den Vereinigten Staaten schon lange vor dem genannten Datum bewerkstelligt.

10.    Als Ergebnis der umfassenden Verkaufstätigkeit und Verkaufsförderung seiner Waren und Dienstleistungen unter Verwendung seines Warenzeichens BLUE MAN GROUP hat der Kläger für sein Warenzeichen BLUE MAN GROUP einen äußerst wertvollen

Firmenwert aufgebaut und sich einen Ruf für hervorragende Leistung und hohe Qualität erworben. Die Bemühungen des Klägers im Bereich Werbung und Verkaufsförderung haben dazu geführt, dass sich das Warenzeichen BLUE MAN GROUP unter den Verbrauchern hoher Anerkennung und Sichtbarkeit erfreut.

11.    Das Warenzeichen BLUE MAN GROUP, an dem die Presse und die Öffentlichkeit den Kläger und dessen Waren und Dienstleistungen erkennen sollen, ist vom Kläger umfassend verwendet worden. Dadurch ist erreicht worden, dass das Warenzeichen BLUE MAN GROUP weithin bekannt ist. Aufgrund dieser Benutzung und weit verbreiteten Anerkennung wird das Warenzeichen BLUE MAN GROUP eng und in einzigartiger Weise erkannt und mit dem Kläger in Verbindung gebracht.

12.    Unter Nennung eines Erstbenutzungsdatums 6. März 2000 hat der Beklagte am 6. August 2001 eine Anmeldung zur Eintragung des Wortzeichens BLUEMAN in das Hauptverzeichnis für „Tabak, Raucherartikel, u. zw. Zigaretten" in der Internationalen Klasse 34 eingereicht, wie aus Anmeldung Seriennummer 76/295,724 (die „Anmeldung") hervorgeht.

13.    Nach bestem Wissen und Unterrichtung kannte der Beklagte das Warenzeichen BLUE MAN GROUP und wählte das Warenzeichen BLUEMAN, um den landesweiten Firmenwert des Warenzeichens BLUE MAN GROUP zu nutzen.

14.    Die in der Anmeldung genannten Waren stehen mit den Waren und Dienstleistungen, die mit dem Warenzeichen BLUE MAN GROUP assoziiert werden, in engem Zusammenhang.

15.    Das Warenzeichen BLUEMAN des Beklagten ähnelt dem Warenzeichen BLUE MAN GROUP des Klägers so sehr, dass damit gerechnet werden muss, dass es bei seiner Benutzung für die Waren des Beklagten zu Verwechslungen, Fehlern und Täuschungen kommt, weil die Öffentlichkeit wahrscheinlich glaubt, dass die Waren des Beklagten vom Kläger stammen bzw. dass solche Waren vom Kläger genehmigt, beworben oder gesponsert werden oder in sonstiger Weise mit dem Kläger in Zusammenhang gebracht werden. Dem Kläger würde durch die Gewährung einer Eintragungsbescheinigung für das Warenzeichen BLUEMAN Schaden entstehen.

16.    Am 3. Dezember 2002 erhob der Kläger beim TTAB Einspruch gegen die Anmeldung mit der Begründung, dass der Kläger das Warenzeichen BLUE MAN GROUP im Zusammenhang mit seinen Waren und Dienstleistungen schon lange vor dem vom Beklagten genannte Erstverwendungsdatum eingeführt und benutzt hat.

4

17.   Im Einspruch des Klägers wurde behauptet, dass dem Kläger durch die Gewährung einer Eintragung des Warenzeichens BLUEMAN für den Beklagten Schaden entstünde, weil die Eintragung den wertvollen Firmenwert des Klägers und dessen Ruf für hervorragende Leistung und hohe Qualität im Zusammenhang mit dem Warenzeichen BLUE MAN GROUP schaden könne.

18.   In dem Einspruch wurde ebenfalls behauptet, dass dem Kläger durch die Gewährung einer Eintragungsbescheinigung an den Beklagten außerdem Schaden entstünde, weil das Warenzeichen des Beklagten mit dem Warenzeichen BLUE MAN GROUP des Klägers nahezu identisch sei, und das Warenzeichen BLUEMAN des Beklagten fälschlicherweise auf einen Zusammenhang zwischen dem Warenzeichen des Beklagten und dem Warenzeichen des Klägers hindeute.

19.   In dem Einspruch wurde ferner behauptet, dass das Warenzeichen BLUE MAN GROUP sowohl berühmt sei als auch über Unterscheidungskraft verfüge, was vor dem 6. März 2000, dem vom Beklagten behaupteten ersten Benutzungsdatum, der Fall gewesen ist. Aufgrund des landesweiten Rufs der Warenzeichens BLUE MAN GROUP wird das Warenzeichen BLUEMAN des Beklagten die Unterscheidungskraft des Warenzeichens BLUE MAN GROUP des Klägers verwässern.

20.   Am oder um den 18. August 2005 verlautbarte der TTAB seinen Bescheid, in dem der Einspruch wegen wahrscheinlicher Verwechslung verworfen wurde, und festgestellt wurde, dass das Warenzeichen BLUE MAN GROUP aller Wahrscheinlichkeit nach nicht mit dem Warenzeichen BLUEMAN des Beklagten verwechselt werden würde, und der Einspruch wegen Verwässerung verworfen wurde, mit der Begründung, dass das Warenzeichen BLUEMAN des Beklagten die Unterscheidungskraft des Warenzeichens BLUE MAN GROUP des Klägers nicht verwässern würde. Die Entscheidung des TTAB entbehrt gemäß 5 U.S.C. § 706 Absatz 2) Buchstabe E) hinreichender Beweise, wobei der TTAB bei seiner Entscheidungsfindung vom Kläger vorgelegte relevante Beweise unrichtigerweise außer Acht gelassen und die von ihm akzeptierten Beweise unrichtig gewichtet hat.

21.   Die Entscheidung des TTAB (i) war willkürlich, unberechenbar und ein Fall von Ermessensmissbrauch, da die Beweise des Klägers zugunsten der Berühmtheit des Warenzeichens BLUE MAN GROUP nicht entsprechend berücksichtigt wurden; (ii) verwarf den Einspruch wegen wahrscheinlicher Verwechslung irrtümlicherweise, weil er es verabsäumte, die Ähnlichkeiten zwischen den Warenzeichen der Parteien und den Zusammenhang zwischen den entsprechenden Waren und Dienstleistungen der Parteien in

Betracht zu ziehen; und (iii) verwarf den Einspruch wegen Verwässerung irrtümlicherweise, weil er es verabsäumte, die Wirkung des Warenzeichens BLUMAN des Beklagten auf die Unterscheidungskraft des berühmten Warenzeichens BLUE MAN GROUP des Klägers entsprechend zu berücksichtigen.

## KLAGEGRUND: BERUFUNG GEGEN DIE ENTSCHEIDUNG DES TTAB

22.    Der Kläger wiederholt die in den Absätzen 1 bis einschließlich 21 vorgebrachten Behauptungen, die er unter Bezugnahme mit einbezieht.

23.    Gemäß 15 U.S.C. § 1071 Buchstabe b) kann das hiesige Gericht eine endgültige Verfügung des TTAB im Zusammenhang mit einem Warenzeicheneinspruch überprüfen.

24.    Die gerichtliche Überprüfung der Entscheidung des TTAB vom 18. August 2005 bezüglich des Einspruchs Nr. 91/154,055 wird ergeben, ob: (i) die Maßnahmen des TTAB willkürlich und unberechenbar waren und einen Fall von Ermessensmissbrauch darstellten; (ii) die Feststellungen des TTAB im Hinblick auf die Berühmtheit des Warenzeichens BLUE MAN GROUP des Klägers auf hinreichenden Beweisen beruhten; (iii) zusätzliche Beweise, die dem hiesigen Gericht für eine *de novo*-Betrachtung vorgelegt werden sollen, eine Aufhebung der Entscheidung begründen; und (iv) ob die rechtlichen Schlussfolgerungen des TTAB auf der richtigen Anwendung des anwendbaren Rechts beruhten.

25.    Die Maßnahmen des TTAB waren willkürlich und unberechenbar und stellten insofern einen Ermessensmissbrauch dar, als sie es verabsäumten, die Beweise des Klägers ordnungsgemäß zu gewichten.

26.    Für die Entscheidung des TTAB waren keine hinreichenden Beweise vorhanden.

27.    Insgesamt wurden die tatsächlichen Feststellungen des TTAB nicht durch hinreichende Beweise belegt, und die rechtlichen Schlussfolgerungen des TTAB waren eindeutig fehlerhaft.

## KLAGEBEGEHREN

Der Kläger ersucht DAHER, gegen den Beklagten das folgende Urteil zu fällen:

1.    Die Entscheidung des TTAB, in der der Einspruch Nr. 91/154,055 verworfen wurde, soll insofern aufgehoben werden als sie für den Kläger von Nachteil war;

2.     Der Anmeldung Seriennummer 76/295,724 für das Warenzeichen BLUEMAN sollte die Eintragung verweigert werden;

3.     Der Beklagte bezahlt dem Kläger die Kosten für die vorliegende Klage, einschließlich der vom Gericht für angemessen erachteten Honorare der Rechtsanwälte; sowie

4.     für sonstige weitere Rechtsbehelfe, die das Gericht für richtig und angemessen hält.


Mit vorzüglicher Hochachtung

OBLON, SPIVAK, McCLELLAND,
    MAIER & NEUSTADT, P.C.

Datum: 17. Oktober 2005-12-30          Unterschrift Jonathan Hudis
                                       Jonathan Hudis
                                       (D.C. Zulassung Nr. 418872)
                                       Kathleen Cooney-Porter
                                       (D.C. Zulassung Nr. 434526)
                                       1940 Duke Street
                                       Alexandria, Virginia 22314
                                       (703) 413-3000
                                       Fax: (703) 413-2220
                                       E-Mail: jhudis@oblon.com

                                       Rechtsbeistände des Klägers
                                       BLUE MAN PRODUCTIONS, INC.

Berater:

Robert W. Clarida (RWC 3190)
Antonio Borrelli (AB 7965)
COWAN, LIEBOWITZ & LATMAN, P.C.
1133 Avenue of the Americas
New York, New York 1003606799
(212) 790-9200
Fax: (212) 575-0671
E-Mail: rwc@cll.com
E-Mail: axb@cll.com

JH:ltw {*illegible*..132-279766US-CPL-DOC}


7

Intern. Kl. 41

**Frühere US-amerikanische Klassifikationen: 100, 101 und 107**

Eintragungsnr. 2,450.660

<u>Patent- und Warenzeichenamt der Vereinigten Staaten</u>    eingetragen 15. Mai 2001

### DIENSTLEISTUNGSZEICHEN
### HAUPTVERZEICHNIS

### BLUE MAN GROUP

BLUE MAN PRODUCTIONS, INC. (NEW
   YORKER KAPITALGESELLSCHAFT)
434 LAFAYETTE STREET
NEW YORK, NY 10003

ABGESEHEN VOM ANGE-
FÜHRTEN ZEICHEN WIRD
KEIN ANSPRUCH AUF DAS
AUSSCHLIESSLICHE RECHT
AUF VERWENDUNG VON
„GROUP" ERHOBEN.

FÜR: UNTERHALTUNGSDIENST-
LEISTUNGEN IN FORM VON LIVE-
MUSIK- UND THEATERDARBIETUNGEN
IN KLASSE 41 (US-AMERIKANISCHE KL:
100, 101 und 107)

SERIENNR. 75-821,055
EINGEREICHT AM 12.10.1999

ERSTBENUTZUNG: 0-0-1988;
IM HANDEL 0-0-1988.

MONIQUE MILLER,
RECHTSANWALT UND PRÜFER

Intern. Kl.: 9, 16 und 25

Frühere US-amerikanische Klassifikationen: 2, 5, 21, 22, 23, 26, 29, 36, 37, 38, 39 und 50

Eintragungsnr. 2,438,222

Patent- und Warenzeichenamt der Vereinigten Staaten    eingetragen 27. März 2001

## WARENZEICHEN
### HAUPTVERZEICHNIS

### BLUE MAN GROUP

BLUE MAN PRODUCTIONS, INC. (NEW YORKER KAPITALGESELLSCHAFT)
434 LAFAYETTE STREET
NEW YORK, NY 10003

FÜR: GESCHENKARTIKEL, U.ZW. DEKORMAGNETE, IN KLASSE 9 (US-AMERIKANISCHE KL. 21, 23, 26, 36, UND 38).

ERSTBENUTZUNG: 0-0-1991;
IM HANDEL 0-0-1991.

FÜR: PAPIERWAREN, U.ZW. POST-KARTEN UND PLAKATE, IN KLASSE 16 (US-AMERIKANISCHE KL. 2, 5, 22, 23, 29, 37, 38 UND 50)

ERSTBENUTZUNG 0-0-1991:
IM HANDEL 0-0-1991.

FÜR. BEKLEIDUNG, U.ZW. HÜTE, T-SHIRTS, SWEATSHIRTS, IN KLASSE 25 (US-AMERIKANISCHE KL. 22 UND 39)

ERSTBENUTZUNG 0-0-1991;
IM HANDEL 0-0-1991

SERIENNR. 75-821,074,
EINGEREICHT AM 12.10. 1999

MONIQUE MILLER,
RECHTSANWALT UND PRÜFER

**Intern. Kl. 9**

**Frühere US-amerikanische Klassifikationen: 21, 23, 26, 36 und 38**

Eintragungsnr. 2,617,550

## Patent- und Warenzeichenamt der Vereinigten Staaten    eingetragen 10. Sept. 2002

# WARENZEICHEN
## HAUPTVERZEICHNIS

### BLUE MAN GROUP

BLUE MAN PRODUCTIONS, INC. (NEW
YORKER KAPITALGESELLSCHAFT)
434 LAFAYETTE STREET
NEW YORK, NY 10003

INHABER DER US-AMERIKAN.
REG.NRN. 2,438,222 UND 2,450,660.

ABGESEHEN VOM ANGEFÜHRTEN
WARENZEICHEN WIRD KEIN
ANSPRUCH AUF DAS
AUSSCHLIESSLICHE RECHT ZUR
VERWENDUNG VON „GROUP"
ERHOBEN.

FÜR: MUSIKALISCHE TONAUF-
ZEICHNUNGEN, IN KLASSE 9
(US-AMERIKANISCHE KL. 21, 23, 26, 36
UND 38).

SERIENNR. 76-257,345
EINGEREICHT AM 15.5.2001.

ERSTBENUTZUNG: 0-12-1999;
IM HANDEL 0-12-1999.

BILL DAWE,
RECHTSANWALT UND PRÜFER

**Intern. Kl. 21**

**Frühere US-amerikanische Klassifikationen: 2, 13, 23, 29, 30, 33, 40 und 50**

**Eintragungsnr. 2,677,610**

<u>Patent- und Warenzeichenamt der Vereinigten Staaten</u>   eingetragen 21. Jan. 2003

## WARENZEICHEN
### HAUPTVERZEICHNIS

**BLUE MAN GROUP**

BLUE MAN PRODUCTIONS, INC. (NEW
   YORKER KAPITALGESELLSCHAFT)
434 LAFAYETTE STREET
NEW YORK, NY 10003

  FÜR: BECHER, IN KLASSE 21
(US-AMERIKANISCHE KL. 2, 13, 23, 29,
30, 33, 40 UND 50).

  ERSTBENUTZUNG: 31-10-2001;
IM HANDEL 31-10-2001.

INHABER DER US-AMERIKAN.
REG.NRN. 2,438,222 UND 2,450,660.

SERIENNR. 76-385,635
EINGEREICHT AM 21.3.2002.

BILL DAWE,
RECHTSANWALT UND PRÜFER

Intern. Kl. 14

Frühere US-amerikanische Klassifikationen: 2, 27, 28 und 50

Eintragungsnr. 2,680,625

Patent- und Warenzeichenamt der Vereinigten Staaten    eingetragen 28. Jan. 2003

## WARENZEICHEN
### HAUPTVERZEICHNIS

### BLUE MAN GROUP

BLUE MAN PRODUCTIONS, INC. (NEW
   YORKER KAPITALGESELLSCHAFT)
434 LAFAYETTE STREET
NEW YORK, NY 10003

   FÜR: UHREN; ZIERSTIFTE,
IN KLASSE 14
(US-AMERIKANISCHE KL. 2, 27, 28, UND 50).

   ERSTBENUTZUNG: 25-10-2000;
IM HANDEL 25-10-2000.

INHABER DER US-AMERIKAN.
REG.NRN. 2,438,222 UND 2,450,660.

SERIENNR. 76-385,636
   EINGEREICHT AM 21.3.2002.

BILL DAWE,
RECHTSANWALT UND PRÜFER

**Intern. Kl. 25**

**Frühere US-amerikanische Klassifikationen: 22 und 39**

**Eintragungsnr. 2,677,611**

Patent- und Warenzeichenamt der Vereinigten Staaten     eingetragen 21. Jan. 2003

# WARENZEICHEN
## HAUPTVERZEICHNIS

**BLUE MAN GROUP**

BLUE MAN PRODUCTIONS, INC. (NEW
   YORKER KAPITALGESELLSCHAFT)
434 LAFAYETTE STREET
NEW YORK, NY 10003

  FÜR: BEKLEIDUNG, U.ZW. JACKEN,
KAPPEN, IN KLASSE 25
(US-AMERIKANISCHE KL. 22 UND 39).

  ERSTBENUTZUNG: 1-10-2001;
IM HANDEL 1-10-2001.

INHABER DER US-AMERIKAN.
REG.NRN. 2,438,222 UND 2,450,660.

  SERIENNR. 76-385,637
EINGEREICHT AM 21.3.2002.

BILL DAWE,
RECHTSANWALT UND PRÜFER

Intern. Kl. 9

Frühere US-amerikanische Klassifikationen: 21, 23, 26, 36 und 38

Eintragungsnr. 2,741,259

Patent- und Warenzeichenamt der Vereinigten Staaten     eingetragen 29. Juli 2003

# WARENZEICHEN
## HAUPTVERZEICHNIS

### BLUE MAN GROUP

BLUE MAN PRODUCTIONS, INC. (NEW
YORKER KAPITALGESELLSCHAFT)
434 LAFAYETTE STREET
NEW YORK, NY 10003

INHABER DER US-AMERIKAN.
REG.NRN. 2,438,222 UND 2,450,660.

ABGESEHEN VOM AUFGEFÜHRTEN
WARENZEICHEN WIRD KEIN
ANSPRUCH AUF DAS
AUSSCHLIESSLICHE RECHT ZUR
VERWENDUNG VON „GROUP"
ERHOBEN.

FÜR: AUFNAHMEN VON VIDEO-
KASSETTEN UND DISCS MIT MUSIK-
UND THEATHERDARBIETUNGEN, IN
KLASSE 9
(US-AMERIKANISCHE KL. 21, 23, 26, 36
UND 38).

SERIENNR. 76-385,638
EINGEREICHT AM 21. 3. 2002

ERSTBENUTZUNG: 13-2-2001;
IM HANDEL 13-2-2001.

BILL DAWE,
RECHTSANWALT UND PRÜFER



Die genaue Übereinstimmung der vorstehenden
Übersetzung mit der Urschrift bestätige ich unter
Berufung auf meine als allgemein beeideter
gerichtlicher Dolmetscher für die englische Spra-
che abgelegten Amtseid

St. Georgen, am 10. Januar 2006

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

BLUE MAN PRODUCTIONS, INC.,  )
434 Lafayette Street  )
New York, New York 10003  )
(A New York Corporation),  )
      )   Civi
      Plaintiff,  )
      )
v.  )
      )
ERICH TARMANN,  )
Wallmodengasse 11  )
Vienna 1190  )
Austria  )
(An Austrian Resident)  )
      )
      Defendant.  )

CASE NUMBER  1:05CV02037

JUDGE: John D. Bates

DECK TYPE: General Civil

DATE STAMP: 10/17/2005

**COMPLAINT**

Plaintiff, Blue Man Productions, Inc., as and for its Complaint against defendant, Erich

Tarmann, alleges as follows:

## INTRODUCTION

1. By this action, Plaintiff seeks review and reversal of the August 18, 2005 decision

of the Trademark Trial and Appeal Board ("TTAB") of the United States Patent and Trademark

Office, to the extent it was adverse to plaintiff, in Opposition No. 91/154,055 (the "Opposition"):

    a. finding that Plaintiff's mark BLUE MAN GROUP is not a famous mark;

    b. dismissing the Opposition on the ground of likelihood of confusion; and

    c. dismissing the Opposition on the ground of dilution.

## JURISDICTION AND VENUE

2. This is a civil action for a *de novo* review of the final decision of the Trademark

Trial and Appeal Board ("TTAB") of the United States Patent and Trademark Office ("USPTO")

in Opposition No. 91/154,055. This case arises under the Lanham Act, 15 U.S.C. §§ 1051, *et*

*seq.* The Court has subject matter jurisdiction over this matter pursuant to 15 U.S.C. §1071(b),

because this is a civil action to appeal a decision of the TTAB that resulted in a final disposition of the Opposition.

3.    This Court has personal jurisdiction over defendant pursuant to 15 U.S.C. § 1071(b)(4) because defendant resides in a foreign country and because defendant has purposefully availed himself of the privileges and benefits of doing business in the District of Columbia.

4.    Venue is proper in this judicial district under 28 U.S.C. §§ 1391(b) and (d), and pursuant to 15 U.S.C. § 1071(b)(4).

## BACKGROUND

5.    Plaintiff, a New York corporation having a place of business at 434 Lafayette Street, New York, New York 10003, is the owner of the renowned mark BLUE MAN GROUP in the United States.

6.    Upon information and belief, Defendant is an individual residing in Austria, with an address of Wallmodengasse 11, Vienna 1190, Austria.

7.    Commencing long prior to March 6, 2000, Defendant's claimed first use date, Plaintiff has used the BLUE MAN GROUP mark in connection with a wide variety of goods and services including entertainment services in the nature of live musical and theatrical performances, magnets, postcards, posters, pens, hats, caps, t-shirts, sweatshirts, jackets, mugs, watches, clocks, mouse pads, key chains, pins, musical sound recordings and prerecorded videos throughout the United States.

2

8.    Plaintiff is the owner of the following federal registrations, copies of which are attached:

| Mark | Reg. No. | Reg. Date | Goods/Services |
|---|---|---|---|
| BLUE MAN GROUP | 2,450,660 | 5/15/01 | Entertainment services in the nature of live musical and theatrical performances in International Class 41 |
| BLUE MAN GROUP | 2,438,222 | 3/27/01 | Gift items, namely, decorative magnets in International Class 9; paper goods, namely, postcards and posters in International Class 16; apparel, namely, hats, t-shirts, sweatshirts in International Class 25 |
| BLUE MAN GROUP | 2,617,550 | 9/10/02 | Musical sound recordings in International Class 9 |
| BLUE MAN GROUP | 2,677,610 | 1/21/03 | Mugs in International Class 21 |
| BLUE MAN GROUP | 2,680,625 | 1/28/03 | Watches; ornamental pins in International Class 14 |
| BLUE MAN GROUP | 2,677,611 | 1/21/03 | Clothing, namely, jackets and caps in International Class 25 |
| BLUE MAN GROUP | 2,741,259 | 7/29/03 | Prerecorded video cassettes and discs featuring musical and theatrical performances in International Class 9 |

Additionally, Plaintiff owns a pending application for the BLUE MAN GROUP mark, namely, Application Serial No. 78/311,760 for goods in International Classes 6, 9, 14, 16, 20, 25 and 28.

9.    Commencing long prior to March 6, 2000, Defendant's claimed first use date, Plaintiff has extensively promoted and advertised the sale of goods and services using its BLUE MAN GROUP mark, and has sold such goods and rendered such services in commerce in the United States.

10.    As a result of the extensive sales and promotion of its goods and services using its BLUE MAN GROUP mark, Plaintiff has built up highly valuable goodwill for its BLUE MAN GROUP mark, and has built a reputation for excellence and high quality. Plaintiff's advertising and promotional efforts have brought the BLUE MAN GROUP mark high recognition and visibility among consumers.

3

11.    The BLUE MAN GROUP mark has been widely used by Plaintiff, by which the press and the public to identify Plaintiff and its products and services.  Widespread recognition of the BLUE MAN GROUP mark has thereby been achieved.  Based on this use and widespread fame, the BLUE MAN GROUP mark has become closely and uniquely identified and associated with Plaintiff.

12.    On August 6, 2001, Defendant filed an application, claiming a first use date of March 6, 2000, to register on the Principal Register the word mark BLUEMAN for "tobacco, smokers' articles, namely cigarettes" in International Class 34 as shown in Application Serial No. 76/295,724 (the "Application").

13.    Upon information and belief, defendant was aware of the BLUE MAN GROUP mark and selected BLUEMAN as a mark in order to exploit the national goodwill of the BLUE MAN GROUP mark.

14.    The goods covered by the Application are closely related to Plaintiff's goods and services associated with its BLUE MAN GROUP mark.

15.    Defendant's BLUEMAN mark so resembles Plaintiff's BLUE MAN GROUP mark, so as to be likely, when applied to Defendant's goods, to cause confusion, to cause mistake, and to deceive because the public is likely to believe that Defendant's goods have their origin with Plaintiff and/or that such goods are approved, endorsed or sponsored by Plaintiff or associated in some way with Plaintiff.  Plaintiff would thereby be injured by the granting to Defendant a certificate of registration for the BLUEMAN mark.

16.    On December 3, 2002, Plaintiff filed a Notice of Opposition against the Application with the TTAB on the ground that, long prior to Defendant's claimed date of first use, Plaintiff adopted and used the mark BLUE MAN GROUP in connection with its goods and services.

4

17.    Plaintiff's Notice of Opposition claimed that Plaintiff would be injured by the granting of a registration to Defendant for the mark BLUEMAN because the registration may tend to damage Plaintiff's valuable goodwill and reputation for excellence and high quality in the BLUE MAN GROUP mark.

18.    The Notice of Opposition also claimed that Plaintiff would be further injured by the granting of a certificate of registration to Defendant because Defendant's mark is nearly identical to Plaintiff's BLUE MAN GROUP mark, and Defendant's BLUEMAN mark would falsely suggest a connection between Defendant's mark and Plaintiff.

19.    The Notice of Opposition also claimed that the BLUE MAN GROUP mark is both famous and distinctive, and was so prior to March 6, 2000, Defendant's claimed first use date. Due to the national repute of the BLUE MAN GROUP mark, Defendant's BLUEMAN mark will dilute the distinctive quality of Plaintiff's BLUE MAN GROUP mark.

20.    On or about August 18, 2005, the TTAB rendered its decision dismissing the Opposition on the ground of likelihood of confusion, finding that Plaintiff's BLUE MAN GROUP mark is not likely to be confused with Defendant's BLUEMAN mark, and dismissing the Opposition on the ground of dilution, finding that Defendant's BLUEMAN mark would not dilute the distinctive quality of Plaintiff's BLUE MAN GROUP mark. The decision of the TTAB is unsupported by substantial evidence in accordance with 5 U.S.C. §706(2)(E) and, in rendering its decision, the TTAB improperly excluded relevant evidence submitted by Plaintiff and improperly weighed the evidence it did accept.

21.    The TTAB's decision (i) was arbitrary, capricious, and an abuse of discretion by improperly considering Plaintiff's evidence in support of the fame of its BLUE MAN GROUP MARK; (ii) erroneously dismissed the Opposition on the ground of likelihood of confusion by failing to properly consider the similarities between the parties' marks and the relatedness of the

parties' respective goods and services; and (iii) erroneously dismissed the Opposition on the ground of dilution by failing to properly consider the effect of Defendant's BLUEMAN mark upon the distinctive quality of Plaintiff's famous BLUE MAN GROUP mark.

## CAUSE OF ACTION: APPEAL OF TTAB DECISION

22.     Plaintiff repeats, and incorporates by reference, the allegations of paragraphs 1 through 21 above.

23.     Pursuant to 15 U.S.C. § 1071(b), this Court may review a final disposition of the TTAB in connection with a trademark opposition.

24.     The Court's review of the TTAB's August 18, 2005 decision in Opposition No. 91/154,055 will determine whether: (i) the TTAB's actions were arbitrary, capricious and an abuse of discretion; (ii) the TTAB's factual findings on the fame of Plaintiff's BLUE MAN GROUP mark were based on substantial evidence; (iii) additional evidence to be presented before this Court for *de novo* consideration constitutes grounds for reversal; and (iv) whether the TTAB's legal conclusions were based upon a correct application of applicable law.

25.     The TTAB's actions were arbitrary, capricious and an abuse of discretion in failing to properly weigh Plaintiff's evidence.

26.     The TTAB's decision was not based on substantial evidence.

27.     In toto, the TTAB's findings of fact were not supported by substantial evidence and further, the TTAB's conclusions of law were clearly erroneous.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against defendant as follows:

1.     That the decision of the TTAB dismissing Opposition No. 91/154,055 should be reversed, to the extent that it was adverse to plaintiff;

2.    That Application Ser. No. 76/295,724 for the mark BLUEMAN should be denied

registration;

3.    That Defendant pay to Plaintiff the costs of this action, including such attorneys'

fees as are deemed reasonable by the Court; and

4.    For such other and further relief as the Court may deem just and proper.

Respectfully submmitted,

OBLON, SPIVAK, McCLELLAND,
MAIER & NEUSTADT, P.C.

Dated:  October 17, 2005          By:  _____

Jonathan Hudis
(D.C. Bar No. 418872)
Kathleen Cooney-Porter
(D.C. Bar No. 434526)
1940 Duke Street
Alexandria, Virginia 22314
(703) 413-3000
Fax: (703) 413-2220
E-Mail: jhudis@oblon.com

Attorneys for Plaintiff
BLUE MAN PRODUCTIONS, INC.

Of Counsel:

Robert W. Clarida (RWC 3190)
Antonio Borrelli (AB 7965)
COWAN, LIEBOWITZ & LATMAN, P.C.
1133 Avenue of the Americas
New York, New York 1003606799
(212) 790-9200
Fax: (212) 575-0671
E-Mail: rwc@cll.com
E-Mail: axb@cll.com

JH:kw  {tten\Y.U-MB.net.Meet288139-3\0P08US-cP_DOC} .

7

Int. Cl.: 41

Prior U.S. Cls.: 100, 101 and 107

Reg. No. 2,450,660

## United States Patent and Trademark Office

Registered May 15, 2001

### SERVICE MARK
### PRINCIPAL REGISTER

## BLUE MAN GROUP

BLUE MAN PRODUCTIONS, INC. (NEW YORK CORPORATION)
434 LAFAYETTE STREET
NEW YORK, NY 10003

FOR: ENTERTAINMENT SERVICES IN THE NATURE OF LIVE MUSICAL AND THEATRICAL PERFORMANCES, IN CLASS 41 (U.S. CLS. 100, 101 AND 107).

FIRST USE 0-0-1988; IN COMMERCE 0-0-1988.

NO CLAIM IS MADE TO THE EXCLUSIVE RIGHT TO USE "GROUP", APART FROM THE MARK AS SHOWN.

SER. NO. 75-821,055, FILED 10-12-1999.

MONIQUE MILLER, EXAMINING ATTORNEY

Int. Cls.: 9, 16 and 25

Prior U.S. Cls.: 2, 5, 21, 22, 23, 26, 29, 36, 37, 38, 39
and 50

Reg. No. 2,438,222

## United States Patent and Trademark Office

Registered Mar. 27, 2001

## TRADEMARK
### PRINCIPAL REGISTER

## BLUE MAN GROUP

BLUE MAN PRODUCTIONS, INC. (NEW YORK CORPORATION)
434 LAFAYETTE STREET
NEW YORK, NY 10003

FOR: GIFT ITEMS, NAMELY, DECORATIVE MAGNETS, IN CLASS 9 (U.S. CLS. 21, 23, 26, 36 AND 38).

FIRST USE 0-0-1991; IN COMMERCE 0-0-1991.

FOR: PAPER GOODS, NAMELY, POSTCARDS AND POSTERS, IN CLASS 16 (U.S. CLS. 2, 5, 22, 23, 29, 37, 38 AND 50).

FIRST USE 0-0-1991; IN COMMERCE 0-0-1991.

FOR: APPAREL, NAMELY HATS, T-SHIRTS, SWEATSHIRTS, IN CLASS 25 (U.S. CLS. 22 AND 39).

FIRST USE 0-0-1991; IN COMMERCE 0-0-1991.

SER. NO. 75-821,074, FILED 10-12-1999.

MONIQUE MILLER, EXAMINING ATTORNEY

Int. Cl.: 9

Prior U.S. Cls.: 21, 23, 26, 36 and 38

Reg. No. 2,617,550

## United States Patent and Trademark Office

Registered Sep. 10, 2002

### TRADEMARK
### PRINCIPAL REGISTER

## BLUE MAN GROUP

BLUE MAN PRODUCTIONS, INC. (NEW YORK
CORPORATION)
434 LAFAYETTE STREET
NEW YORK, NY 10003

FOR: MUSICAL SOUND RECORDINGS, IN
CLASS 9 (U.S. CLS. 21, 23, 26, 36 AND 38).

FIRST USE 12-0-1999; IN COMMERCE 12-0-1999.

OWNER OF U.S. REG. NOS. 2,438,222 AND
2,438,660.

NO CLAIM IS MADE TO THE EXCLUSIVE
RIGHT TO USE "GROUP", APART FROM THE
MARK AS SHOWN.

SER. NO. 76-257,345, FILED 5-15-2001.

BILL DAWE, EXAMINING ATTORNEY

Int. Cl.: 21

Prior U.S. Cls.: 2, 13, 23, 29, 30, 33, 40 and 50

Reg. No. 2,677,610

## United States Patent and Trademark Office

Registered Jan. 21, 2003

### TRADEMARK
### PRINCIPAL REGISTER

## BLUE MAN GROUP

BLUE MAN PRODUCTIONS, INC. (NEW YORK CORPORATION)
434 LAFAYETTE STREET
NEW YORK, NY 10003

FOR: MUGS, IN CLASS 21 (U.S. CLS. 2, 13, 23, 29, 30, 33, 40 AND 50).

FIRST USE 10-31-2001; IN COMMERCE 10-31-2001.

OWNER OF U.S. REG. NOS. 2,438,222 AND 2,450,669.

SER. NO. 76-385,635, FILED 3-21-2002.

BILL DAWE, EXAMINING ATTORNEY

Int. Cl.: 14

Prior U.S. Cls.: 2, 27, 28 and 50

**United States Patent and Trademark Office**

Reg. No. 2,680,625

Registered Jan. 28, 2003

## TRADEMARK
### PRINCIPAL REGISTER

## BLUE MAN GROUP

BLUE MAN PRODUCTIONS, INC. (NEW YORK CORPORATION)
434 LAFAYETTE STREET
NEW YORK, NY 10003

FOR: WATCHES; ORNAMENTAL PINS, IN CLASS 14 (U.S. CLS. 2, 27, 28 AND 50).

FIRST USE 10-25-2000; IN COMMERCE 10-25-2000.

OWNER OF U.S. REG. NOS. 2,438,222 AND 2,450,660.

SER. NO. 76-385,636, FILED 3-21-2002.

BILL DAWE, EXAMINING ATTORNEY

Int. Cl.: 25

Prior U.S. Cls.: 22 and 39

Reg. No. 2,677,611

## United States Patent and Trademark Office

Registered Jan. 21, 2003

## TRADEMARK
### PRINCIPAL REGISTER

## BLUE MAN GROUP

BLUE MAN PRODUCTIONS, INC. (NEW YORK CORPORATION)
434 LAFAYETTE STREET
NEW YORK, NY 10003

FOR: CLOTHING, NAMELY, JACKETS, CAPS, IN CLASS 25 (U.S. CLS. 22 AND 39).

FIRST USE 10-1-2001; IN COMMERCE 10-1-2001.

OWNER OF U.S. REG. NOS. 2,438,222 AND 2,450,669.

SER. NO. 76-385,637, FILED 3-21-2002.

BILL DAWE, EXAMINING ATTORNEY

Int. Cl.: 9

Prior U.S. Cls.: 21, 23, 26, 36 and 38

Reg. No. 2,741,259

United States Patent and Trademark Office     Registered July 29, 2003

## TRADEMARK
### PRINCIPAL REGISTER

## BLUE MAN GROUP

BLUE MAN PRODUCTIONS, INC. (NEW YORK CORPORATION)
434 LAFAYETTE STREET
NEW YORK, NY 10003

FOR: PRE-RECORDED VIDEO CASSETTES AND DISCS FEATURING MUSICAL AND THEATRICAL PERFORMANCES, IN CLASS 9 (U.S. CLS. 21, 23, 26, 36 AND 38).

FIRST USE 2-13-2001; IN COMMERCE 2-13-2001.

OWNER OF U.S. REG. NOS. 2,438,222 AND 2,450,660.

NO CLAIM IS MADE TO THE EXCLUSIVE RIGHT TO USE "GROUP", APART FROM THE MARK AS SHOWN.

SER. NO. 76-385,638, FILED 3-21-2002.

BILL DAWE, EXAMINING ATTORNEY