UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| BLUE MAN PRODUCTIONS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 1:05-cv-02037-JDB |
| v. | ) | Judge John D. Bates |
| | ) | |
| ERICH TARMANN, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**DECLARATION OF JONATHAN HUDIS**
**IN SUPPORT OF REQUEST FOR ENTRY OF DEFAULT**

I, JONATHAN HUDIS, declare:

1. I am a partner with the law firm Oblon, Spivak, McClelland, Maier & Neustadt, P.C. of Alexandria, Virginia, and am lead counsel for Plaintiff, Blue Man Productions, Inc. ("Blue Man").

2. I am a member in good standing of the District of Columbia Bar and this Court.

3. The statements in this Declaration are based upon my personal knowledge, except those statements made on information and belief, and if called as a witness I could testify competently thereto.

4. I submit this Declaration in support of Blue Man's Request for Entry of Default.

5. Blue Man filed this action on October 17, 2005, seeking review and reversal of a final Decision and Order of the Trademark Trial and Appeal Board (the "TTAB" or the "Board") of the U.S. Patent and Trademark Office (the "PTO"), dismissing Blue Man's Opposition against Application Serial No. 76/295,724, filed by

1

Erich Tarmann ("Tarmann") to register the trademark BLUEMAN for tobacco and cigarettes.

6. Upon information and belief, Tarmann is a domiciliary of the country of Austria, residing in the State of Vienna.

7. In the Opposition proceedings below, Tarmann was represented by Lawrence Harbin, Esquire ("Harbin"), an attorney located in Washington, D.C.

8. Anticipating difficulties in serving Tarmann with the Summons and Complaint in this action (because Austria is not a member of the Hague Convention), my office contacted Harbin to determine whether he would accept service of the Summons and Complaint on Tarmann's behalf.

9. On or about November 2, 2005, Harbin stated that he would accept service.

10. On November 3, 2005, I forwarded to Harbin by overnight courier a cover letter, a Notice of Lawsuit, a Waiver of Service of Summons form, and a copy of Blue Man's Complaint.

11. Notwithstanding Harbin's earlier representations, and after follow-up telephone calls and e-mails from my office during November and early December 2005, Harbin advised me on December 8, 2005 that he was not authorized to execute and return the Waiver of Service of Summons form on Tarmann's behalf.

12. After concluding correspondence with Harbin, a motion for the issuance of Letters Rogatory was prepared by me and my colleagues. So that they would be accepted by the Austrian authorities, Blue Man's motion papers and the proposed Letters Rogatory itself were translated into Austrian-German.

13. On January 18, 2006, I filed with this Court Blue Man's motion for the issuance of Letters Rogatory, including the Austrian-German translation thereof. Court's Docket Entry No. 3.

14. On January 20, 2006, the Court signed an Order for the Issuance of Letters Rogatory, directed to the judicial authorities in Vienna, Austria, seeking their aid in serving Tarmann with Blue Man's Summons and Complaint in this action. Court's Docket Entries Nos. 4-5.

15. On January 25, 2006, the office of the Clerk of the Court notified my office of the issuance of this Court's Letters Rogatory. That same day, my office retrieved the executed Letters Rogatory from the Clerk of the Court.

16. On January 26, 2006, my office delivered this Court's Letters Rogatory to the U.S. Department of State ("State Department") by overnight courier, for further processing and ultimately forwarding onto the Austrian judicial authorities — seeking their aide in serving Tarmann with Blue Man's Summons and Complaint in this action.

17. My office placed numerous calls to the State Department in Washington, D.C. and the U.S. Embassy in Vienna, Austria from February 2006 through February 2007 to determine the status of the Letters Rogatory. *See e.g.*, Status Reports, Court's Docket Entries Nos. 6-7.

18. On December 19, 2006, the Court received correspondence from an Austrian lawyer purporting to represent Tarmann, which stated that (a) Tarmann had received Blue Man's Summons and Complaint, and (b) Tarmann required additional time to respond to the Summons and Complaint. Court's Docket Entry No. 9.

19. On December 20, 2006, the Court granted an extension of time for Tarmann to respond to Blue Man's Complaint by February 20, 2007. Court's Docket Entry No. 8.

20. Upon information and belief, Tarmann has not served any answer or responsive pleading to Blue Man's Complaint upon me or upon Blue Man.

21. Upon information and belief, no entry of appearance, answer, or other responsive pleading to Blue Man's Complaint has been filed by or on behalf of Tarmann with the Court in this case.

22. Upon information and belief, Tarmann is neither an infant nor an incompetent person.

I DECLARE, under penalty of perjury, that the foregoing is true and correct.

Executed on: April 23, 2007          S/
                                     Jonathan Hudis


JH/KDW/klb {I:\atty\JH\Blue Man\pleadings\Hudis Dec in Support Default.doc}