IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

------------------------------------- x

BLUE MAN PRODUCTIONS, INC., :

        Plaintiff, :

        v. :  1:05CV02037 (JDB)

ERICH TARMANN, :

        Defendant. :

------------------------------------- x

## [PROPOSED] DEFAULT JUDGMENT

THIS MATTER is before the Court upon the Motion of Plaintiff, BLUE MAN PRODUCTIONS, INC. ("Plaintiff" or "BMPI"), for the issuance of a Default Judgment pursuant to Rule 55(b), Fed. R. Civ. P. (Court Docket No. 14). Based upon Plaintiff's Motion For Default Judgment, supporting Memorandum of Law, Declaration of Matt Goldman and Exhibits annexed thereto, all other documents of record in this action, and good cause appearing, it is hereby **ORDERED** and **ADJUDGED** that:

    1. On August 6, 2001, Defendant, ERICH TARMANN ("Defendant" or "Mr. Tarmann") filed Application Serial Number 76/295,724 ("Defendant's Application") to register with the U.S. Patent and Trademark Office ("USPTO") the BLUEMAN mark for "tobacco, smokers' articles, namely, cigarettes." Defendant's Application claims a date of first use of March 6, 2000, twelve years after Plaintiff's first use in commerce of the mark BLUE MAN

GROUP. Defendant's Application was published for opposition in the *Official Gazette* of the U.S. Patent and Trademark Office on August 20, 2002.

2. On December 3, 2002, BMPI timely opposed Defendant's Application before the Trademark Trial and Appeal Board (the "TTAB" or "Board") on the grounds of (1) priority and likelihood of confusion, and (2) priority and dilution. Defendant answered the Opposition, denying the salient allegations thereof.

3. During its trial testimony period before the Board, BMPI submitted: (1) the trial testimony of Laura Camien, marketing director of Plaintiff, taken on July 15, 2004, and exhibits thereto; (2) a Notice of Reliance dated January 21, 2004 with a certified copy of BMPI's federal registrations for the BLUE MAN GROUP Mark; (3) a Notice of Reliance dated January 21, 2004, which contained newspaper and magazine articles, videotapes, and promotional materials, showing that Plaintiff's Mark and the goods and services bearing or connected to the same have been the subject of numerous articles and broadcasts in publicly-circulated media. Defendant submitted no trial testimony during his testimony period and did not file a Brief on Final Hearing before the Board. (Decision at 1815).[1]

4. On August 18, 2005, the TTAB issued its Decision dismissing Plaintiff's Opposition. The Board held that Plaintiff's BLUE MAN GROUP Mark was "strong and distinctive" (Decision at 1819) and that the "class of consumers for the parties' goods and services must be considered, in part, to be the same, in that both may be marketed to and purchase by adult members of the general public." (Decision at 1821). Both of these factors were held to weigh in favor of a finding of likelihood of confusion. The Board also held that the

---

[1] The Decision of the Board in the Opposition proceedings below is reported at 75 U.S.P.Q. 2d 1811 (T.T.A.B. 2005); all citations herein are to that edition.

parties' marks, BLUE MAN GROUP and BLUEMAN, were very similar in sound and appearance. (Decision at 1820). Despite these findings, the Board concluded that there was no likelihood of confusion. As to Plaintiff's dilution claim, the Board held that the BLUE MAN GROUP mark was not sufficiently "famous" by the relevant date of August 6, 2001 (the filing date of Defendant's Application) to qualify for dilution protection under 15 U.S.C. § 1125(c)(1).

5.  Plaintiff timely filed this appeal under Section 21(b) of the Lanham Act, 15 U.S.C. § 1071(b), on October 17, 2005 (Complaint, Court Docket No. 1). On January 18, 2006, after other less-cumbersome attempts at valid service had failed, BMPI moved for the issuance of Letters Rogatory in order to affect extraterritorial service of process on Defendant, a resident of Austria (Court Docket No. 3). This Court granted that motion on January 20, 2006 (Court Docket No. 4). The Letters Rogatory and BMPI's Summons and Complaint (all translated into Defendant's native language) were duly served on December 4, 2006, through Diplomatic Channels (Court Docket No. 11).

6.  On December 20, 2006, Defendant contacted the Court by letter to request additional time in which to answer the Complaint in this action (Court Docket No. 9). The Court granted that request, setting a deadline of February 20, 2007 for Defendant to file an Answer (Court Docket No. 8). Defendant failed to file an Answer by that deadline, and has not yet done so. To the best of the Court's knowledge, Defendant has not had any further communication with this Court, and Plaintiff represents that it has not received any further communications from Defendant.

7.  On May 29, 2007, BMPI filed a Declaration with the Court noting Defendant's failure to timely respond to the Complaint (Court Docket No. 12). On May 30, 2007, the Clerk of the Court entered default against Defendant for his failure to timely answer the Complaint

21749/003/803276.1

(Court Docket No. 13). By Minute Order issued on August 21, 2007, the Court set a deadline of September 6, 2007, by which Plaintiff's instant motion for a default judgment was to be filed. Plaintiff's Motion for Default Judgment was timely filed prior to that deadline.

8. Plaintiff's Motion for Default Judgment and the documents submitted in support thereof establish that Plaintiff's BLUE MAN GROUP Mark is famous throughout the United States; that it became famous prior to the filing date of Defendant's Application; that the famous BLUE MAN GROUP Mark has been continuously and extensively used on and in connection with Plaintiff's Goods and Services since 1988; that Plaintiff's mark has gained tremendous goodwill and recognition in the entertainment field, and in connection with ancillary merchandise; that Defendant's BLUEMAN mark is highly and confusingly similar to Plaintiff's BLUE MAN GROUP Mark; that actual confusion as to the association between Plaintiff's mark and the sale of cigarettes already has occurred; and that the parties' goods and services are marketed to the same general class of purchasers - members of the general public.

9. Accordingly, the undisputed facts of record show that Defendant's BLUEMAN mark and products are likely to be confused with Plaintiff's famous and long-established BLUE MAN GROUP Mark and associated goods and services, and that Defendant's BLUEMAN mark dilutes or impairs the distinctiveness of Plaintiff's famous BLUE MAN GROUP Mark.

10. Therefore, Defendant having been adjudged to be in default, it is hereby **ORDERED** that Plaintiff's motion for the issuance of a default judgment is **GRANTED**.

11. It is further **ORDERED** that judgment by default is hereby entered in favor of Plaintiff, BLUE MAN GROUP, INC., and against Defendant, ERICH TARMANN, as follows:

    A. Reversing the Board's Decision below;

    B. Remanding this action with instructions that the Board:

1. Sustain Plaintiff's Opposition with prejudice; and

2. Reject Defendant's Application Serial Number 76/295,724 to register the mark BLUEMAN.

12. It is further **ORDERED** that, upon the proper submission of a Bill of Costs not later than fourteen (14) days after entry of this Judgment, Defendant shall pay Plaintiff's reasonable costs for the filing and prosecution of this Action. .

**IT IS SO ORDERED** this ___ day of _____, 2007**:**


Washington, D.C.                                   JOHN D. BATES
                                                   United States District Judge


Parties to be notified of the entry of this Judgment:

Jonathan Hudis
(D.C. Bar No. 418872)
Kathleen Cooney-Porter
(D.C. Bar No. 434526)
OBLON, SPIVAK, McCLELLAND,
 MAIER & NEUSTADT, P.C.
1940 Duke Street
Alexandria, Virginia 22314
(703) 413-3000
Fax: (703) 413-2220
E-Mail: jhudis@oblon.com
Attorneys for Plaintiff

ERICH TARMANN
Wallmodengasse 11,
Vienna 1190
Austria
Defendant (in Default)