UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| BLUE MAN PRODUCTIONS, INC., <br><br> Plaintiff, <br><br> v. <br><br> ERICH TARMANN, <br><br> Defendant. | Civil Action No. 05-2037 (JDB) <br><br> **FILED** <br> APR 0 3 2008 <br> NANCY MAYER WHITTINGTON, CLERK <br> U.S. DISTRICT COURT |

<u>ORDER</u>

This case comes before the Court on a motion for default judgment filed by plaintiff Blue Man Productions, Inc. ("BMPI"). BMPI seeks to have defendant Erich Tarmann's application for trademark registration denied, effectively reversing the decision of the Trademark Trial and Appeal Board ("TTAB") of the United States Patent and Trademark Office, which dismissed BMPI's opposition to Tarmann's application. Pursuant to the Lanham Act, 15 U.S.C. §§ 1051 et seq., BMPI filed a complaint with this Court on October 17, 2005. <u>See</u> 15 U.S.C. § 1071(b)(1).[1] BMPI requests that this Court reverse TTAB's dismissal of its opposition, deny Tarmann's application for mark registration, and award costs and attorneys' fees to BMPI.

On August 6, 2001, defendant Erich Tarmann filed a trademark application for the word "BLUEMAN" in connection with the sale of "smokers' articles, namely cigarettes." Compl. ¶ 12 (quoting Application Serial No. 76/295,724). BMPI is the owner of the "BLUE MAN GROUP" mark, which is widely recognized and used "in connection with a wide variety of goods and

---

[1] Because defendant resides in a foreign country (Austria), 15 U.S.C. § 1071(b)(4) provides this Court with personal jurisdiction over him.

-1-

services including entertainment services in the nature of live musical and theatrical performances" and various items for sale associated with those performances, such as t-shirts, recordings, and the like. Id. ¶ 7. Indeed, as BMPI would have it, the BLUE MAN GROUP mark "is among the most famous in the field of live theatrical entertainment. Since the 1980s, [BMPI] has sold goods and services totaling more than $1 billion under the BLUE MAN GROUP mark." Pl.'s Mot. for Default J. at 6. The BLUE MAN GROUP mark was first registered on May 15, 2001, but BMPI claims that it had employed the mark "long prior to March 6, 2000, Defendant's claimed first use date" of the disputed BLUEMAN mark. Compl. ¶ 9.

Accordingly, when the period for public opposition presented itself, BMPI timely filed a Notice of Opposition to Tarmann's application with TTAB on December 3, 2002, claiming that Tarmann's "BLUEMAN mark so resembles Plaintiff's BLUE MAN GROUP mark, so as to be likely . . . to cause confusion, to cause mistake, and to deceive" the public into believing that Tarmann's tobacco products were in some way associated with BMPI. Id. ¶¶ 15, 16. In a written decision issued on August 18, 2005, TTAB dismissed BMPI's opposition. See Blue Man Productions Inc. v. Tarmann, 75 U.S.P.Q.2d 1811 (T.T.A.B. 2005). BMPI's opposition was premised upon two grounds: likelihood of confusion between marks and dilution of the BLUE MAN GROUP mark. The Board concluded that BMPI had "failed to establish that [Tarmann's] use of BLUEMAN for cigarettes or tobacco [was] likely to cause confusion with [BMPI's] mark BLUE MAN GROUP for its identified goods and services." Id. at 1821. Moreover, although the Board determined that the BLUE MAN GROUP mark was "strong and distinctive," id. at 1819, it nevertheless found that the mark was not sufficiently "famous" to qualify for protection for dilution purposes. Id. at 1822.

Obviously displeased with the Board's conclusions, BMPI timely filed the current action pursuant to the Lanham Act, which provides that an aggrieved party that is "dissatisfied with the decision of the . . . Trademark Trial and Appeal Board may" file a civil action within sixty days of that decision. See 15 U.S.C. § 1071(b)(1). According to the Lanham Act, a reviewing court may decide "that a registration involved should be canceled, or such other matter as the issues in the proceeding require, as the facts in the case may appear." Id. BMPI asks the Court to deny Tarmann's application for the BLUEMAN mark, thereby reversing the Board's determination concerning BMPI's opposition.

After this Court issued Letters Rogatory in this action, service was completed upon Tarmann by not later than December 4, 2006. To date, he has not responded to the complaint. Default was then entered on May 30, 2007. Pursuant to 15 U.S.C. § 1071(b)(2), the "Commissioner . . . shall be notified of the filing of [a] complaint by the clerk of the court in which it is filed and shall have the right to intervene in the action." Unable to discern whether the appropriate notice was given to the Commissioner for Trademarks in this case, on February 1, 2008 the Court ordered that a copy of the complaint (along with a copy of the Order) be served upon Lynne G. Beresford, Commissioner for Trademarks. Additionally, the Court indicated that it intended to rule on plaintiff's motion for default judgment after thirty days expired.

BMPI asserts that the Board's findings of facts were not supported by substantial evidence and that its legal conclusions were plainly erroneous. Compl. ¶ 24. In addition, BMPI maintains that new evidence -- namely, a letter from a consumer that BMPI argues establishes evidence of "actual" trademark confusion -- has come to light that warrants reversal of TTAB's decision. Id.; Pl.'s Mot. for Default J. at 2. Be that as it may, the Court was initially reluctant to

overturn the Board's reasoned -- and published -- decision by means of a default judgment in this Court. It is evident that there are complicated issues of law and fact presented by BMPI's complaint. Tellingly, BMPI's memorandum in support of default judgment explains for over forty pages why the Board's decision was erroneous. For that reason, the Court took pains to ensure that the Commissioner for Trademarks was given adequate notice and opportunity to intervene or otherwise participate in this case. To date, more than sixty days after the Court's Order directing service on the Commissioner, which put the Commissioner on notice of this proceeding and its status, the Commissioner has declined to make any appearance in this proceeding. That fact, coupled with Tarmann's extended period of default, now compels the Court to grant BMPI's motion for default judgment.

The remaining question is the appropriate relief to impose. The Court is cognizant that if it proceeds with the course of action suggested by BMPI, TTAB's decision will be overturned without any examination of the merits underlying the Board's determination. And the D.C. Circuit has noted that default judgment is ordinarily disfavored given the general preference for litigation on the merits. See Jackson v. Beech, 636 F.2d 831, 835 (D.C. Cir. 1980). Nevertheless, where, as here, a defendant has been persistently unresponsive,[2] the appropriate relief upon default judgment is what the plaintiff would have received if he or she prevailed at trial on the merits. That outcome is also not especially prejudicial to Tarmann in this case, particularly because BMPI does not seek any damages against him. Although his BLUEMAN

---

[2] In this case, Tarmann sent a letter addressed to the Court requesting an extension of time to answer the complaint, which the Court granted. See Dckt. Entry #9. More than six months after that extension was granted, Tarmann had not filed any answer or motion with the Court and the Clerk of the Court made an entry of default on May 30, 2007. In fact, to date, nearly a year after the entry of default, Tarmann has still neglected to participate in this proceeding.

trademark registration will be in effect denied, he evidently does not place much value in that mark since he has not seen fit to defend it here.

Accordingly, for the foregoing reasons it is hereby **ORDERED** as follows:

1. BMPI's [14] motion for default judgment is **GRANTED**; it is further

2. **ORDERED** that TTAB's August 18, 2005 decision dismissing BMPI's opposition is **REVERSED**; it is further

3. **ORDERED** that Tarmann's Application No. 76/295,724 for mark registration is **DENIED**; and it is further

4. **ORDERED** that any current registration for Tarmann's BLUEMAN mark is hereby **CANCELLED.**

**SO ORDERED**.

/s/ JOHN D. BATES
United States District Judge

Dated:   April 2, 2008


Copies to:

Jonathan Hudis
OBLON, SPIVAK, MCCLELLAND, MAIER & NEUSTADT, P.C.
1940 Duke Street
Alexandria, VA 22314-3451
Tel: (703) 412-3000
Fax: (703) 413-2220
Email: jhudis@oblon.com


Erich Tarmann
Wallmodengasse 11

Vienna 1190
Austria

Hans Christian Nemetz
NEMETZ & NEMETZ
Landstrasser Hauptstrasse 29
Vienna A-1030
Austria
Tel: 43 713 35 48
Fax: 43 713 9085
Email: office@nemetz.net

Lynne G. Beresford
Commissioner for Trademarks
P.O. Box 1451
Alexandria , VA 22313-1451